**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR RAMOS BAUTISTA, a.k.a.
Ramos Bautista Cesar, a.k.a. Bautist
Bokyo,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-72051

Agency No. A038-566-476

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Cesar Ramos Bautista, a native and citizen of the Philippines, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's removal order. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we grant the petition for review.

Bautista's conviction for commercial burglary in violation of Cal. Penal Code §§ 459 and 460(b) is not categorically an aggravated felony burglary offense under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 944 (9th Cir. 2011) (en banc) (California burglary is categorically broader than generic burglary because California's definition of 'unlawful or unprivileged entry,' unlike the generic definition, permits a conviction for burglary of a structure open to the public and of a structure that the defendant is licensed or privileged to enter).

The conviction records relating to Bautista's burglary conviction indicate a plea to "willfully and unlawfully enter[ing] a commercial building occupied by Wells Fargo Bank, Daly City, with the intent to commit larceny or any felony, in violation of Penal Code section 460(b)." This is insufficient under the modified categorical approach to demonstrate that his conviction necessarily rested on facts satisfying the elements of generic burglary. *See id*. at 945-46 ("[Q]uite simply, the word 'unlawfully' in [petitioner's] indictment tells us nothing about whether his entry was 'unlawful or unprivileged' in the generic sense.").

The record does not establish that Bautista's conviction for commercial burglary is an aggravated felony burglary offense under 8 U.S.C. § 1101(a)(43)(G), and he is therefore not removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Because the documents of conviction in the record "cannot possibly be interpreted" to establish that Bautista was convicted of generic burglary, we grant the petition for review without remand and vacate the removal order. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133 (9th Cir. 2006) (en banc).

**PETITION FOR REVIEW GRANTED; REMOVAL ORDER VACATED.**